UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 3:09cr231 (JBA) |
| v. | |
| RICHARD ROWELL. | December 4, 2013 |

**RULING ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION**

On June 13, 2013, this Court granted Defendant Richard Rowell's Motion [Doc. # 148] for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2), applying the lower mandatory minimum sentence set forth in the Fair Sentencing Act ("FSA") and reducing Defendant's sentence from 130 to 110 months' imprisonment. (*See* June 13, 2013 Ruling [Doc. # 153].) The Government now moves [Doc. # 156] for reconsideration, arguing that the Court improperly applied the lower mandatory minimum in the context of a § 3582(c) proceeding. For the following reasons, the Government's motion is denied.

**I.     Background**

The Court assumes the parties' familiarity with the circumstances of this case, which is described in the Court's Ruling. Briefly, on April 29, 2010, Defendant was convicted by a jury of Possession with Intent to Distribute 50 grams or more of cocaine base. (*See* Jury Verdict [Doc. # 86].) At sentencing on September 8, 2010, the Court determined that Defendant's applicable guideline range was 121 to 151 months' imprisonment, and imposed a sentence of 130 months' imprisonment. (*See* Sept. 8, 2010 Sentencing Tr. at 66–67.) On November 27, 2012, Defendant moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence in light of Amendment 750 to the Sentencing Guidelines, which lowered the drug quantity guidelines applicable to cocaine

base offenses. The Government and the Probation Office agreed that Defendant was eligible for a reduced sentence based on a Criminal History Category IV and an offense level 28, which resulted in an amended guideline range of 110 to 137 months' imprisonment. The Court further concluded, based on the Supreme Court's ruling in *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), that Defendant was no longer subject to a 120 month mandatory minimum sentence because he was sentenced after August 3, 2010, the effective date of the FSA. Therefore, the Court found that it had discretion to reduce Defendant's sentence to 110 months' imprisonment, and did so.

**II.     Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matter or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

### III. Discussion

The Government argues that the Court was not at liberty to retroactively apply the lower mandatory minimums of the FSA in the context of a § 3582(c)(2) proceeding and asserts that the Court thus lacked discretion to reduce Defendant's sentence to a term of imprisonment of less than 120 months' imprisonment.[1] The Supreme Court has recognized that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2690 (2010). In reaching this conclusion, the Court noted that U.S.S.G. § 1B1.10(b)(1) states that a court "shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* at 2691 (quoting U.S.S.G. § 1B1.10(b)(1)). Based on this reasoning, the Government argues that the Court erred in removing the then-applicable statutory mandatory minimum when determining Defendant's amended guideline range in the context of his § 3582(c)(2) proceeding, because it did more than substitute Amendment 750 for Defendant's then-applicable quantity-based offense level.

In support of its argument, the Government cites *United States v. Wilson*, 515 F. App'x 877 (11th Cir. 2013), in which the Eleventh Circuit held that a defendant was "not eligible for a 3582(c)(2) reduction based on the FSA because the FSA is not a guidelines amendment by the Sentencing Commission, but instead a statutory change by Congress." *Id.* at 881; *see also United States v. Reeves*, 717 F.3d 647, 650 (8th Cir. 2013) ("[T]he

---

[1] The Government does not appear to dispute that in light of *Dorsey*, Defendant is eligible to have the reduced mandatory minimums of the FSA applied to his sentence, but maintains that Defendant should pursue this relief in a motion under 28 U.S.C. § 2255, or "some other available procedural vehicle," which would permit a full resentencing procedure.

statutory provisions applicable when the defendant was originally sentenced—not the statutory provisions in the Fair Sentencing Act—apply in section 3582(c)(2) proceedings."); *United States v. Kelly*, 716 F.3d 180, 181(5th Cir. 2013) ('Nothing in *Dorsey* purports to change Supreme Court and Fifth Circuit precedent that § 3582(c)(2) hearings are not plenary re-sentencings.")  However, in each of the cases relied upon by the Government, the defendant had been sentenced prior to the effective date of the FSA, and thus was not eligible for retroactive application of the new FSA mandatory minimums pursuant to *Dorsey*.  Unlike those cases, the parties here agree that Defendant is eligible to receive the benefit of these reduced mandatory minimums.

Although the Second Circuit has recognized that the FSA does not apply retroactively to defendants sentenced before August 3, 2010 for the purposes of a § 3582(c)(2) proceeding, *see United States v. Rowley*, -- F. App'x --, No. 12-3875, 2013 WL 6170573, at *1 (2d Cir. Nov. 26, 2013), it appears to have reached the opposite conclusion with respect to those defendants who were sentenced after August 3, 2010.  In *United States v. Bethea*, -- F.3d --, No. 12-961-CR, 2013 WL 5829751 (2d Cir. Oct. 31, 2013) (per curiam), the Second Circuit remanded a § 3582(c)(2) proceeding with the express instruction that the district court was *required* to consider the fact that, under *Dorsey*, the defendant was no longer subject to a 60-month mandatory minimum sentence when ruling on the defendant's § 3582(c)(2) motion.  *Id.* at *1–2 ("On remand, the district court will have the opportunity to (and indeed, must under *Wilson* [716 F.3d 50 (2d Cir. 2013]) consider this development.").  Therefore this Court concludes that it was appropriate to consider the effect of the Supreme Court's ruling in *Dorsey* and retroactively apply the FSA mandatory minimums when deciding Defendant's motion pursuant to § 3582(c)(2).  *See United States v. Bailey*, No. 10 Cr. 391 (CM), 2013 WL

4

6144763, at *2 (S.D.N.Y. Nov. 19, 2013) (rejecting the Government's argument that "*Dorsey* . . . does not implicate Section 3582(c)(2)," in light of *Bethea*).

**IV.     Conclusion**

For the foregoing reasons, the Government's Motion [Doc. # 156] for Reconsideration is DENIED.


IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of December, 2013.